## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br><br>Plaintiff (s),<br><br>Vs.<br><br>SADDID RIVERA-MEDINA<br>Defendant(s) | **CASE NO: 10-251 (JAF)** |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING AND MOTION FOR DOWNWARD VARIANCE UNDER U.S.S.G. §§5H.1.6

Pursuant to Title 18 U.S.C.§3553 (a), Federal Rule of Criminal Procedure 32, and Section 6A1.3 of the United Stated Sentencing Guidelines, the Defendant, SADDID RIVERA MEDINA by and through the undersigned attorney, hereby notifies the Court that he has received and reviewed the Presentence Report ("psr") prepared in this case and offers no corrections or objections thereto. Mr. SADDID RIVERA MEDINA agrees with the Probation Officer's determination of the total adjusted base offense level 32 and criminal history category I and respectively submits that there are facts and circumstances that warrant a variance form the guidelines as suggested by the pretrial sentencing report.

   I.  **INTRODUCTION**

   1. "The offense Conduct" section of the Presentence Investigation Report ("PIR") contains unnecessary details about the conspiracy that are not relevancy, and are in some cases unduly prejudicial to Mr. RIVERA MEDINA sentence and subsequent incarceration.

   2. The only portions of the "Offense Conduct" section of the PSI, that other than summarize the scope of the entire conspiracy, adequately and appropriately describes Mr. RIVERA MEDINA, where the guilty plea is

explained. The rest simply contains a recitation, largely word for word of the language of the Indictment and the purported roles of the co-conspirators.

3. On October 28 2014 defendant RIVERA MEDINA was arrested and charged with two counts of the Indictment.

4. On January 14, 2014, the defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement accorded under the provisions of Rule 11 (c)(1)(A) and (B) of the Federal Rules of Criminal Procedure.

5. Mr. RIVERA MEDINA accepted his responsibility for his involvement in the case of caption and stated that he was remorseful and repentant for his wrongdoing. Mr. RIVERA MEDINA respectfully submits that a sentence of no more than 181 months complies with the statutory directives set forth in 18 U.S.C.§3553 (a). see also Koon v. United States, 518 U.S. 81, 113 (1996) (noting the tradition in federal sentencing "for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.")

II. **SECTION 3553 (a)**

The primary directive in Section 3553 (a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 of this subsection. That is, the court, in determining the particular sentence to be imposed, shall consider:

1. The nature and circumstances of the offense and the history and characteristic of the defendant.

2. The need for the sentence imposed:

    a. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

    b. To afford adequate deterrence to criminal conduct

    c. To protect the public from further crimes of the defendant.

    d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3. Additionally, under 18 U.S.C.§3582, imposition of a term of imprisonment is subject to the following limitation:

    a. In determining whether and to a what extent imprisonment is appropriate, based on the Section 3553 (a) factors, the court is required to "recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation". (Emphasis added).

The Need for the Sentence Imposed To Promoted the Statutory Objectives of Section 3553 (a) (2):

*a.* **To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense**:

All things considered favors sentencing Mr. RIVERA MEDINA to no more than 1 8 1 months.

**b. To afford adequate deterrence to criminal conduct:**

With respect to deterrence, Mr. RIVERA MEDINA understands the severe consequences that his conduct led and will lead to his wife and family will suffer, as he will not be able to provide and be there for them. In view of the before and all previously mentioned, it is not necessary to incarcerate Mr. RIVERA MEDINA for more than 181 months to promote respect for the law or to serve the interests of general deterrence. Moreover, he wants to rehabilitate and convert himself in to a productive citizen and make a lot of positive changes to his life.

**c. To protect the public from further crimes of the defendant:**

Mr. RIVERA MEDINA presents no risk to anyone in the community. His involvement in this case was a result of a series of factors, which he has clearly overcome. In any event, there is no basis to conclude that Mr. RIVERA MEDINA is likely to commit any crimes in the future.

**d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner:**

This factor favors Mr. RIVERA MEDINA who manifested his approval to any drugs abuse treatment even when he is already rehabilitated. He is also willing to accept any educational or vocational training to improve his skills for the moment he goes to the free community again. In conclusion, Mr. RIVERA MEDINA is willing to

accept any recommendations from the Court to be helped and at the same time to help in the most effective manner. One he completes his sentence he would like to continue working and taking care of his family.

e. **The Need to avoid Unwarranted Disparities**

f. The is no Need to Provide Restitution Since There are No victims of the offense:

The Court should consider that there are no "actual" victims identified in the Plea Agreement's Version of Facts nor in the PSR; thus will a sentence of no more than 181 months adequately reflect the offense seriousness, promote respect for the law, provide just punishment and afford adequate deterrence. 18 U.S.C.§ 3553 (a) (1)(a) & (b).

Defendant respectfully prays to the Court to take into Consideration as a relevant conduct the time he served at State prisons. Attach is Certification of the time he serve in several institutions in Puerto Rico.

On March 5,2015, the defendant was interviewed through the use of Video Teleconference Equipment located at the U.S. Courthouse in San Juan, PR. At the time, the defendant admitted his participation in the instant offence as depicted in the Government's Version of the Facts of the plea agreement He expressed sincere remorse for the offence And feels bad because he has great suffering for his loved ones.

The defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to

enter a plea of guilty.

Respectfully submitted,

*S/RICARDO IZURIETA ORTEGA*
Ricardo Izurieta Ortega, Esq.
USD No.: 124205
MSC 914, 138 Winston Churchill Ave.
San Juan, PR 00926-6023
Tel (787) 758-3564/ 758-3575
Fax (787) 767-4926
izurieta.ricardo@gmail.com

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on this day April 10, 2015 a copy of the instant motion was filed using the electronic case filing system that will send a copy of the pleadings to all counsels of records.

*S/Ricardo Izurieta Ortega, Esq.*

6




# CERTIFICACION

Yo, **Ennaliz Ortiz Nazario** De la Unidad de Record Criminal del Centro de Detención Regional de Bayamón, Puerto Rico:

CERTIFICO que el Sr. **Sadiel Medina Rivera**
#S.S. **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**.

( ) Nunca ha ingresado en esta Institución.

(✓) Fue ingresado en esta Institución el día **27** de **Octubre** de **2008**, por el (los) delitos de **Sustancias Controladas**.
*Anteriormente ingresado en Corr. Zarzal desde el 27 oct 2007 hasta que fué trasladado a 1072-Bayamón.

en calidad de:

( ) Sumariado y estará en esta institución hasta tanto preste la fianza impuesta.

(✓) Sentenciado a cumplir **3 años** los cuales dejara **y/o** dejo su sentencia extinguida para el día **28 diciembre 2008**.

CERTIFICO correcto a los **10** días del mes de **Abril** de **2015**.

A PETICION DEL **Lcdo. Ricardo Izurieta**.

Firmo la presente para que así conste.

_____
Técnica (o) de Record o Representante